

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYNE DUPRE | CIVIL ACTION |
| VERSUS | NO. 05-41 |
| RUSSELL A. PORTIER, *ET AL.* | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS ORDERED** that plaintiff Wayne Dupre's motion to strike jury demand and redesignate this case to be tried to the bench (Document 10) is hereby **DENIED.**

**A.    Background.**

Dupre alleges that on March 25, 2002, he was "assigned to work on various vessels which were constructed in [a] shipyard" owned by Portier Enterprises, Inc. Dupre alleges that while descending a ladder "into an engine room of a vessel on which he was working," the ladder "became dislodged" and he fell from the main deck of the vessel to the floor of the engine room, sustaining personal injuries.[1] Dupre alleges that Portier Enterprises did not have longshore

---

[1]    Complaint at ¶¶ I. - II.

1

compensation insurance as required by federal law, and that the individual defendants, who are the president and secretary/treasurer of Portier Enterprises, are liable to him pursuant to 33 U.S.C. § 905(a). Dupre did not request a jury in his complaint. On March 23, 2005, defendants answered Dupre's complaint and prayed for a trial by jury. Dupre filed a First Supplemental and Amending Complaint, designating his suit as one in admiralty under Fed. R. Civ. Proc. 9(h), and requesting that the case be tried to the bench. Dupre filed a motion to strike defendants' jury demand.

**B.    Analysis.**

Section 4(a) of the Longshore and Harbor Worker's Compensation Act (LHWCA) (codified at 33 U.S.C. § 904(a)) provides that "[e]very employer shall be liable for and shall secure the payment to his employees of the compensation payable under sections 907, 908, and 909 of this title." 33 U.S.C. § 905(a) provides, in pertinent part, for a remedy to employees if their employer neglects to obtain compensation insurance:

> [I]f an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under the chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death.

The purpose of this provision "is to induce employers to accept and participate in the LHWCA compensation scheme by eliminating the non-participating employer's immunity from tort actions under the LHWCA. In essence, § 905(a) restores the employee's pre-LHWCA right against the non-participating employer." *Brown v. Forest Oil Corp.*, 29 F.3d 966, 971 (5th Cir. 1994).

The LHWCA "itself provides no independent basis of jurisdiction apart from 28 U.S.C.

2

section 1331." *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1177 n. 3 (5th Cir. 1984).[2]

Consequently, federal jurisdiction exists under 28 U.S.C. § 1331, the federal question statute, because Dupre's claim is one that arises under § 905(a). There is no other basis on which federal jurisdiction exists. Although 28 U.S.C. § 1333 provides for federal jurisdiction in any "civil case of admiralty or maritime jurisdiction," Dupre cannot satisfy the well established test for admiralty or maritime jurisdiction. In *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995), the Supreme Court explained the two factor test for such jurisdiction:

> [A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1331(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity. A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water. The connection test raises two issues. A court, first, must "assess the general features of the type of incident involved," to determine whether the incident has "a potentially disruptive impact on maritime commerce." Second, a court must determine whether "the general character" of the "activity giving rise to the incident" shows a "substantial relationship to traditional maritime activity."

*Id.* at 534.

Dupre's complaint does not allege that he was injured on navigable water or that the vessel on which he was working was located in navigable water. Additionally, Dupre does not satisfy the second prong of the test. In *Molett v. Penrod Drilling Co.*, 872 F.2d 1221 (5th Cir.),

---

[2] *See also Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157, 1165 (5th Cir. 1989) ("The LHWCA contains no specific jurisdictional grant similar to those found in ERISA and the LMRA. On the contrary, federal question jurisdiction can only be obtained for claims regarding the LHWCA under the general federal question provisions of 28 U.S.C. § 1331."), *cert. denied*, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990); *Jenkins v. McDermott, Inc.*, 734 F.2d 229, 231 n. 1 (5th Cir.) ("[A]part from claims made under the statutory coverage, 28 U.S.C. § 1331, the Act provides no independent basis of federal jurisdiction of claims arising out of injuries covered by it."), *vacated in part on other grounds*, 742 F.2d 191 (5th Cir. 1984).

*cert. denied*, 493 U.S. 1003, 110 S.Ct. 563, 107 L.Ed.2d 558 (1989), the Fifth Circuit held that individuals who died after falling from a scaffold while constructing a derrick on a jack-up barge were not engaged in work with the necessary relationship to traditional maritime activity to justify admiralty jurisdiction. The court stated that ship construction work "has not traditionally be considered a maritime business;" noted that the particular injury "could just as easily occurred" on land; and found that the plaintiff's claim did not give rise "to an overriding concern to establish uniform rules to protect maritime commerce or navigational rules." *Id.* at 1225-26. Each of these considerations indicates that Dupre's injury has no relationship to traditional maritime activity. Dupre alleges he was injured while performing construction work on vessels in a shipyard; his injury could just as easily have occurred on land; and his claim does not implicate the need to establish uniform rules to protect maritime commerce or navigational rules.

Dupre argues that although he may not be able to satisfy the test for admiralty or maritime jurisdiction, because § 905(a) provides that he may "maintain an action at law or in admiralty for damages," a § 905(a) claim is always under the court's admiralty jurisdiction as well as its federal question jurisdiction, and he has the option under Rule 9(h)[3] of selecting whether he is proceeding at law or in admiralty. On its face, the language of § 905(a) does not create jurisdiction, and simply recognizes that such a claim may fall within the court's admiralty jurisdiction as well as its federal question jurisdiction if the necessary predicate for admiralty

---

[3] Rule 9(h) provides that a pleading "setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims."

jurisdiction is present. The LHWCA did not broaden the scope of admiralty jurisdiction to include every claim falling under § 905(a), and the court finds that Dupre has not satisfied his burden of demonstrating that admiralty jurisdiction exists.[4]

Because the court possesses subject matter jurisdiction under only § 1331, Dupre may not elect to proceed in admiralty under Rule 9(h). Accordingly, defendants are entitled to trial by jury.

**C.     Conclusion.**

Dupre's motion to strike defendants' jury demand is denied.

New Orleans, Louisiana this __15__ day of October, 2005.

*Mary Ann Vial Lemmon*
**Mary Ann Vial Lemmon
United States District Judge**

---

[4] *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("[T]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."), *cert. denied*, 536 U.S. 960, 122 S.C. 2665, 153 L.Ed.2d 839 (2002).